IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY EDWARD PIKE, #079888, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-1141-WKW |
| | ) |
| DR. SIDDIQ, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On February 7, 2007, the plaintiff filed a "motion to amend complaint/motion for production of records" (Court Doc. No. 7) in which he requests that the defendants be required to furnish him copies of his medical records without prepayment of costs. The court therefore construes this pleading only as a motion for production of documents. Upon consideration of such motion, and for good cause, it is

ORDERED that:

1. The motion for production of documents be and is hereby DENIED to the extent the plaintiff requests that the defendants be required to provide him free copies of the requested documents.

2. The motion for production of documents be and is hereby GRANTED to the extent the plaintiff seeks production of documents contained in his prison medical records which are maintained in conjunction with his incarceration.

3. On or before February 22, 2007, medical personnel at the Bullock County Correctional Facility shall allow the plaintiff to inspect and/or copy all documents

contained in his institutional medical records relative to the claims pending before this court. **The plaintiff is hereby informed that neither prison officials nor medical personnel are required to provide him with copies of documents without prepayment of all costs associated with producing the copies. Thus, if the plaintiff seeks to obtain photocopies of documents contained in his records, he must make prepayment to the appropriate official of all costs related to producing the copies.** The plaintiff is advised that: (i) he may utilize any means available to him to produce the requisite copies including, but not limited to, handwritten copies of the evidentiary materials he seeks to retain for himself and/or submit to this court; and (ii) he **must** procure any and all copies of the necessary documents upon being given access to such documents in accordance with this order. **The plaintiff is therefore cautioned that no further orders will be entered requiring additional access to his medical records unless he is able to establish that exceptional circumstances warrant additional production of these documents**.

The Clerk is DIRECTED to provide a copy of this order to the warden of the Bullock County Correctional Facility and to the supervisor of the health care unit at such facility.

Done this 7th day of February, 2007.

      /s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES MAGISTRATE JUDGE