IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROY EDWARD PIKE, #079888,         )
                                  )
        Plaintiff,                )
                                  )
    v.                            )        CASE NO. 2:06-CV-1141-WKW
                                  )                    [WO]
                                  )
DR. SIDDIQ, et al.,               )
                                  )
        Defendants.               )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Roy Edward Pike ["Pike"], a state inmate, asserts

that he has been denied adequate medication for pain.  The plaintiff seeks injunctive relief

and monetary damages for the alleged violation of his constitutional rights.

Pursuant to the orders of this court, the defendants filed a written report and

supporting evidentiary materials addressing the claim for relief presented in the instant

complaint.  In their report, the defendants assert that this case is due to be dismissed

because Pike has failed to properly exhaust his available administrative remedies as

required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).[1]  Specifically, the

defendants maintain and the undisputed evidentiary materials demonstrate that with respect

to the claim presented in the instant complaint Pike failed to file each required form

---

[1]The defendants assert the applicable grievance procedure requires that an inmate file a medical complaint, a formal grievance and a grievance appeal with the health care provider.  *Defendants' Exhibit C - Affidavit of Brandee Player* at 2.

necessary to exhaust the administrative remedy provided by the health care provider at the Bullock County Correctional Facility thereby depriving the defendants the opportunity to resolve Pike's medical complaint prior to his filing this federal cause of action. *Defendants' Special Report - Court Doc. No. 11* at 9-10.

In accordance with the order entered on March 5, 2007 (Court Doc. No. 13), the court deems it appropriate to treat the defendants' special report as a motion for summary judgment. Thus, this case is now pending before the court on the defendants' motion for summary judgment. Upon consideration of such motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion for summary judgment is due to be granted and this case dismissed without prejudice as the plaintiff has failed to exhaust an available administrative remedy.

## DISCUSSION

Pike challenges the medical treatment provided to him with respect to the provision of pain medication. *Plaintiff's Complaint - Court Doc. No. 1* at 2-3. In response to the claim presented by Pike, the defendants argue that this case should be dismissed because Pike has failed to properly exhaust an available administrative remedy as directed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Although provided an opportunity to respond to the respondents' exhaustion defense, *Order of March 5, 2007 - Court Doc. No. 13*, Pike has filed nothing in response to this defense.

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexande*r v. Hawk, 159 F.3d 1321, 1325 (11ᵗʰ Cir. 1998). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit

in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386.

The record in this case establishes that Prison Health Services, Inc., the medical care provide of the state prison system, provides a grievance procedure for inmate complaints regarding medical treatment.   The undisputed evidentiary materials submitted by the defendants demonstrate that Pike failed to file each requisite form necessary to exhaust the grievance procedure with respect to the medical treatment about which he complains in the instant complaint.  The court therefore concludes that the claim for relief presented in this cause of action is subject to dismissal as the plaintiff has not yet exhausted an available administrative remedy.

## **CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be granted to the extent that the defendants seek dismissal of this case for Pike's failure to exhaust an available administrative remedy.

2.  This case be dismissed without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an available administrative remedy.[2]

---

[2]The parties are advised that this Recommendation does not in any way address the merits of the plaintiff's claim for relief.  Consequently, this dismissal has no impact on the plaintiff's ability to pursue his claim in this court upon his proper exhaustion of the administrative remedy available to him.

It is further

ORDERED that on or before April 16, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of April, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE